# CASE NO.: 1:19-cv-24113-RNS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

# JANICE CECILIA LORD

Appellant,

v.

# TRUE FUNDING LLC

Appellee.

---

On Appeal from the United States Bankruptcy Court
for the Southern District of Florida

---

# APPELLANT'S INITIAL BRIEF

OWEI Z. BELLEH (617598)
THE BELLEH LAW GROUP, PLLC
2525 Embassy Drive Suite 2
Cooper City, Florida 33026
Tel/Fax: (888) 450-7999
eservice@bellehlaw.com
bankruptcy@bellehlaw.com
owei@bellehlaw.com

TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………….…1

STATEMENT OF ISSUE & STANDARD OF REVIEW…………….……………2

STATEMENT OF THE CASE…………………………………………………....3

ARGUMENT……………………………………………………………………5

    I.    THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN RETROACTIVE ANNULING THE AUTOMATIC STAY…………5

        a. THE BANKRUPTCY COURT FAILED TO CONDUCT AN EVIDENTIARY HEARING…………………………………..7

        b. THE BANKRUPTCY COURT ERRONEOUSLY RELIED ON HEARSAY AND OTHER INADMISSIBLE EVIDENCE………8

CERTIFICATE OF COMPLIANCE……………………………………………….14

CERTIFICATE OF SERVICE……………………………………………………14

# TABLE OF AUTHORITIES

Table of Cases

*In re Barr*, 318 B.R. 592 (M.D. Florida 2004)……………………………..……5

*In re: Beane*, 404 B.R. 942, 947, 949 (M.D. Fla. 2008)…………………………….2

*In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989)………..…….2

*In re Quraeshi*, 289 B.R. 240, 242 (S.D. Fla. 2002)……………………………….2

*In re Lawrence*, 251 B.R. 630, 639 (S.D. Fla. 2000)……………………………….3

*Liebman v. Ocwen Servicing, LLC* 2018 WL 527975 (S.D. Fla. 2018)………6, 8, 9

*In re Stockwell*, 262 BR 275, 281 (Bankr. D. Vt. 2001)……………..……6, 7, 9, 10

Table of Statutes

11 U.S.C. § 362…………………………………………………………………….5

11 U.S.C. §105……………………………………………………………………..8

# **STATEMENT OF ISSUES AND STANDARD OF REVIEW**[1]

The issue on appeal is whether the Bankruptcy Court abused its discretion in entering its September 20, 2019 Order annulling the automatic stay retroactively to 9:00 a.m. on May 28, 2019 where:

(1) The Bankruptcy Court did not conduct an evidentiary hearing.
(2) The affected creditor, Reverse Mortgage Solutions, Inc., did not file an objection or opposition to Appellant's Motion for Clarification for Automatic Stay.
(3) And the only party that objected to the imposition of the automatic stay was the Third Party Purchaser/Appellee, True Funding, LLC.

The appealed order annulling the automatic stay and allowing the foreclosure sale to proceed is reviewed for abuse of discretion. *See In re: Beane*, 404 B.R. 942, 947, 949 (M.D. Fla. 2008) (decision to life automatic stay and allow non-bankruptcy case to proceed reviewed for abuse of discretion); *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989)(A decision to lift the automatic stay is discretionary with the bankruptcy judge, and may be reversed when there's a showing of abuse of discretion.); *see also In re Quraeshi*, 289 B.R. 240, 242 (S.D. Fla. 2002)("the bankruptcy court's equitable determinations are reviewed under an abuse of discretion standard.").

To the extent legal conclusions or factual findings are at issue, the bankruptcy court's legal conclusions are reviewed de novo, and its factual findings

---

[1] References to the Bankruptcy Court socket entries are to [Dkt. __], and Transcript of the September 17, 2019 hearing is to [T. __]. The property located at 27 NE 60th Terrace, Miami, Florida 33137 is referenced as the "Subject Property."

2

are reviewed to determine whether they are clearly erroneous. *In re Lawrence*, 251 B.R. 630, 639 (S.D. Fla. 2000).

## STATEMENT OF THE CASE

The Appellant is a defendant in the state foreclosure case captioned *Reverse Mortgage Solutions, Inc. v. Dawn de Florimonte, et al.*, Case No.: 2014-010049-CA-01, pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Foreclosure Case"). Appellant's homestead located at 27 NE 60 Terrace, Miami, FL 33137 is the subject of the above-described mortgage foreclosure case.

Final Judgment of Foreclosure was entered on September 12, 2016. There were (9) nine previous foreclosure sales scheduled, all of which were cancelled at the request of either the Mortgagee, Reverser Mortgage Solutions, Inc., or the Appellant, Janice C. Lord, because of a negotiated sale of the Subject Property or refinance that would have paid the Plaintiff in full.

The foreclosure sale was finally scheduled for May 28, 2019 at 9:00AM (the "Foreclosure Sale").

The Foreclosure Sale commenced on May 28, 2019 at 9:00AM. At 8:58AM on May 28, 2019, Debtor filed a *pro se* Chapter 13 Petition. [Dkt 1]. At 9:26AM on May 28, 2019, Appellant/Debtor filed a *pro se* Suggestion of Bankruptcy in the Foreclosure Case.

3

On or about August 26, 2019, Debtor filed her Motion to Reopen and for Clarification of the Automatic Stay. [Dkt 22 and 24].  On or about September 11, 2019, the Successful Bidder at the Foreclosure Auction and Third-Party Purchaser, True Funding, LLC, filed an *Omibus* Response in Opposition to Debtor's Motion to Reopen Case and Debtor's Motion to Clarify Stay as to Reverse Mortgage Solutions, Inc. [Dkt 27].

The Bankruptcy Court heard Appellant's Motion to Reopen and Motion to Clarify the Automatic Stay on September 17, 2019. [Dkt 23 and 25].  After hearing the arguments of the parties, the Bankruptcy Court granted Appellant's Motion to Reopen and but denied Appellant's Motion for Clarification, finding cause to annul the automatic stay retroactive to 9:00 a.m. on May 28, 2019. [Dkt 28].  As such, the foreclosure sale conducted on May 28, 2019 was upheld by the Bankruptcy Court.

On or about October 7, 2019, Appellant timely filed her Notice of Appeal of the September 19, 2019 Order Reopening Case and Annulling Automatic Stay. [Dkt. 29].

# ARGUMENT

I. THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN RETROACTIVE ANNULING THE AUTOMATIC STAY

   a. THE BANKRUPTCY COURT FAILED TO CONDUCT AN EVIDENTIARY HEARING

Under 11 U.S.C. § 362(g), the creditor seeking retroactive relief must first show the presence of circumstances warranting annulment of the stay, and the debtor then bears the ultimate burden of proving that the request for retroactive relief from the stay should be denied. *In re Barr*, 318 B.R. 592 (M.D. Florida 2004).

Here, the Bankruptcy court did not conduct and evidentiary hearing. The only testimony presented was that of Appellant which listed less than a minute and was not subject to cross-examination. (T. P. 19, Lines 15 to 25; P. 20, Lines 1-4). Further, the Bankruptcy Court did not make findings of facts regarding the seven (7) *Stockwell* factors.[Dkt. 28]; [T. P. 20 – 22]. The Bankruptcy Court conducted its only hearing on Appellant's Motion to Clarify the Automatic Stay on September 17, 2019. The hearing was set on a Chapter 13 Motion Calendar and lasted only about 10 minutes.

In contrast, in *Liebman* and *Stockwell*, the two cases relied upon by Appellee and the Bankruptcy court in considering the seven *Stockwell* factors, conducted an

evidentiary hearing and made findings of facts regarding the seven *Stockwell* factors.

In *Liebman* the Bankruptcy Court specifically found bad faith on the part of the Appellant. The Court opined "Liebman failed to timely obtain a written order reflecting the bankruptcy court's stay.…after the sale, the bankruptcy court, recognized the mix-up, advised Liebman, that it would nevertheless vacate the sale so long as she could confirm a bankruptcy plan. Liebman, however failed to timely file and confirm a plan. The bankruptcy court also recited a litany of facts and descried various convoluted litigation paths pursued by Liebman, and her husband, in both state and federal courts, that supported its findings that Liebman has not proceeded in good faith." *Liebman v. Ocwen Servicing, LLC* 2018 WL 527975, *5 (S.D. Fla. 2018).

Similarly, in *Stockwell*, the Bankruptcy Court "had the opportunity to evaluate the demeanor of Ms. Stockwell while testifying… and determines that there is no credible evidence that the debtors calculated to remain "stealthily silent" during the foreclosure proceedings in order to gain some advantage herein." *In re Stockwell*, 262 BR 275, 281 (Bankr. D. Vt. 2001).

Moreover, the September 19, 2019 Order Reopening Case and Annuling Automatic Stay and its reasoning on the record [Dkt 28]; [T. P. 20 to 22], the Bankruptcy Court failed to make any finding of fact regarding the seven *Stockwell*

factors. [Dkt 28]; [T.P 20 to 22]. At a minimum this Court should reverse and remand the case with instructions to the Bankruptcy Court to conduct and evidentiary hearing and make findings of facts addressing the seven *Stockwell* factors. *See In re Stockwell*, 262 BR 275, 281 (Bankr. D. Vt. 2001).

    b. THE BANKRUPTCY COURT ERRONEOUSLY RELIED ON HEARSAY AND OTHER INADMISSIBLE EVIDENCE

*Stockwell* and *Liebman* are further distinguishable from the instance matter in that the affected creditor, Reverse Mortgage Solutions, Inc., asserted no objection or opposition to Appellant's Motion to Clarify the Automatic Stay and Vacate the Foreclosure Sale. Specifically Reverse Mortgage Solutions, Inc. the mortgagee for which the state foreclosure action was brought simply failed to participate in the post-sale litigation. As such, the affected credit did not inform the Bankruptcy Court of any prejudice it would suffer should the court upheld the automatic stay and invalidate May 28, 2019 Foreclosure Sale.

As a result of the affected creditor's absence from participation in the post-sale litigation, the Court erroneously relied on the Third Party Purchase, True Funding, LLC's counsel proffer regarding Appellant's bad faith in delaying the foreclosure process with nine (9) cancellations of the foreclosure sale.

    Ms. Murphy: Your Honor, if I may?

    It has been nearly three years since the first sale cancellation. There have been nine sale cancellations. The last order said no further cancellations.

7

There have been absolutely, no question, substantial delay, and substantial delay occurred by the debtor, as well.

It's not just the lender, the lender did file some of the motions. However, the debtor also filed motions and filed more motions. This debtor has been given every opportunity for nearly three years to save this property, and was either unable or unwilling to do it. (T. P. 17 Lines 3-15).

Ms. Murphy's proffer was inadmissible hearsay at worst. At best True Funding, LLC's argument was rooted in speculation and conjecture. More importantly, that statement by True Funding, LLC coupled with the review of the online docket of the state foreclosure case formed basis for the Bankruptcy Court finding that the *Stockwell* factors favored retroactive annulment of the automatic stay. The evidence on the record is scant and simply does not support the Bankruptcy Court's conclusion of granting the extraordinary relief of a retroactive annulment of the automatic stay.

    c. STOCKWELL FACTORS FAVOR MAINTAINING THE AUTOMATIC STAY

"The Eleventh Circuit Court of Appeals has long recognized that bankruptcy courts may annul the automatic stay in appropriate circumstances in order to grant retroactive relief from the automatic stay to validate a postpetition foreclosure sale." *Liebman v. Ocwen Servicing, LLC* 2018 WL 527975[2], *5 (S.D. Fla. 2018) *citing In re Rivera*, No. 9:15-BK-08721-FMD, 2016 WL

---

[2] Although the *Stockwell* factors are discussed as the secondary reason for the retroactive annulment of the automatic stay in Liebman, the reason for the behind the annulment is that the injunction or stay was not based on Section 362 of the bankruptcy code. Instead, the injunction imposed was based on Section 105 and not subject to the *Stockwell* analysis.

513900, at *3 (Bankr. M.D. Fla. Feb. 9, 2016) (*citing In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984)); *In re Williford*, 294 Fed.Appx. 518, 521 (11th Cir. 2008). Many courts look to the factors set forth in *In re Stockwell* in order to evaluate the propriety of retroactive relief. *Liebman* at *5 citing Stockwell*, 262 B.R. 275.

Although the Eleventh Circuit Court of Appeals recognizes that a bankruptcy court may annul the automatic stay in appropriate circumstances in order to grant retroactive relief from the automatic stay to validate a post-petition foreclosure sale, such circumstance is narrow and extraordinary exception to the general rule that an automatic stay is effective upon filing of the bankruptcy petition. *Liebman v. Ocwen Loan Servicing, LLC*, 2018 WL 527975 (SD Fla. Jan. 22, 2018), *aff'd sub nom. In re Liebman*, 772 Fed. Appx. 830 (11th Cir. 2019); *see also In re Stockwell*, 262 B.R. 275 (Bankr. D. Vt 2001).

In order to determine whether the circumstances are sufficiently compelling to warrant *nunc pro tunc* life stay relief, courts have considered a variety of factors:

(a) *If the Creditor had actual or constructive knowledge of the bankruptcy filing and therefore of the stay;*

Here, it is undisputed that Appellant filed the pro se Chapter 13 Petition at 8:58AM on May 28, 2019. The Foreclosure Sale commenced at 9:00AM on

9

May 28, 2019. It is also undisputed that Appellant filed her suggestion of bankruptcy in the foreclosure case at 9:26 A.M. on May 28, 2019, twenty-eight (28) minutes after she filed the pro se petition. As a result, the Creditor, Reverse Mortgage Solutions, LLC, had actual notice of the bankruptcy. [T. P.5-6].

This case is markedly distinguishable for *Stockwell* and *Liebman* regarding the actual or constructive knowledge factor because in this instance the time between the filing bankruptcy petition and the affected creditor and Third Party Purchaser's knowledge about the bankruptcy is only 28 minutes compared to 12 months in *Stockwell* or 7 days in *Liebman*. Although True Funding, LLC was unaware of the bankruptcy at the time of the sale, it was put on notice 28 minutes after the bankruptcy was filed. It had ample time withdrawn its bid at the foreclosure auction within little or no financial harm or prejudice to it, but it elect not to do so.

### *(b) If the Debtor filed the bankruptcy in bad faith;*

Here, Appellant has not acted in bad faith. Her May 28, 2019 bankruptcy filing was her only *pro se* bankruptcy case. She simply is not a serial filer of bankruptcy petition or an abuser of the bankruptcy court. Furthermore, there was no finding by the Bankruptcy Court that Debtor acted in bad faith. Moreover, because the Mortgagee failed to participate at the hearing, the only evidence regarding whether Appellant acted in bad faith, was the state

foreclosure online docket and Appellant's very short testimony wherein she testified that the delay occurred in part because "the building had to go in probate, and that was it." [T. P. 19, 20-22].

*(c) If there was equity in the property of the estate;*

The Subject Property has equity and serves as a source of income for Appellant because she rents part of her home to tenants. Further evidence of equity in the Subject Property is the fact that True Funding, LLC's successful bid was in excess of the Final Judgment amount. The fact that True Funding, LLC continues aggressively advocate for the upholding of the foreclosure sale evidences that amount of equity in the Subject Property. Said different, True Funding, LLC would not care to uphold the foreclosure sale if there was no equity in the property or if there was no opportunity to re-sale the Subject Property for a handsome profit.

(d) *If the property was necessary for an effective reorganization*;

The Subject Property is the sole reason for the bankruptcy and it is indispensable to an effective reorganization of the Appellant's estate. Specifically, the Subject Property serves as debtor's homestead, but also generates rental revenue to supplement Appellant's income. Loss of the Subject Property would affect any attempt at reorganization.

*(e) If grounds for relief from the stay existed and a motion, if filed, would likely be granted prior to the automatic stay violation;*

The affected creditor, Reverse Mortgage Solutions, LLC would not be prejudiced by the enforcement of the automatic stay because it would receive payment in full on the defaulted mortgage either through a refinance of the defaulted mortgage or a repayment in a Chapter 13 Plan. Either way, Reverse Mortgage Solutions, LLC would receive at minimum an adequate protection payment.

### (f) If failure to grant retroactive relief would cause unnecessary expense to the creditor;

As stated earlier, Reverse Mortgage Solutions, LLC did not object or oppose Appellant's attempt to enforce the Automatic Stay. The affected creditor would not be prejudiced by enforcement of the automatic stay because it would receive full payment either through a refinance or through a cure and maintain chapter 13 plan. More importantly, *Stockwell* 7 prong test does not consider the effect of enforcing the automatic stay on the Third-Party Purchaser that acquired the property from the foreclosure sale. In this instance, if the automatic stay is enforced and the Foreclosure Sale is cancelled, True Funding, LLC would recover ALL its bid amount and would suffer no damages as a result of the cancellation of the Foreclosure Sale.

### (g) If the creditor has detrimentally changed its position on the basis of the action taken.

The Creditor, Reverse Mortgage Solution, LLC has taken no action in

detrimental reliance on the completion of the Foreclosure Sale. To date, no funds have been disbursed from the sale and Appellant still has possession of the Subject Property. As for True Funding, LLC, it too would not suffer any detrimental change in position because if the Foreclosure Sale is cancelled it would recover ALL its bid amounts from the Foreclosure Auction.

## CONCLUSION

For the reasons stated above, Appellant Janice Cecilia Lord requests this court reverse the order of the bankruptcy court annulling the automatic stay retroactively to May 28, 2019 and upholding the Foreclosure Sale or in the alternative, reverse the Bankruptcy Court order and remand the case for an evidentiary hearing.


/S/ Owei Z. Belleh_____
OWEI Z. BELLEH (617598)
THE BELLEH LAW GROUP, PLLC
2525 Embassy Drive Suite 2
Cooper City, Florida 33026
Tel/Fax: (888) 450-7999
eservice@bellehlaw.com
bankruptcy@bellehlaw.com
owei@bellehlaw.com

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Bankruptcy Rule 8015(a)(7) or (b). According to Microsoft Word, the brief contains 3007 words.

/s/ Owei Z. Belleh
Owei Z. Belleh
Florida Bar No. 617598

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF and by E-Mail to all parties listed below.

Meaghan Murphy, Esq.
Meland Russin & Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
mmurphy@melandrussin.com

Dated January 27, 2020                                    /s/ Owei Z. Belleh
                                                         Owei Z. Belleh
                                                         Florida Bar No. 617598